**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**CIVIL ACTION NO. 3:25-cv-410-BJB**

EWU MEDIA LLC                                                                                               PLAINTIFF

v.                         **DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO REMAND**

LOUISVILLE-JEFFERSON COUNTY                          DEFENDANT
METRO GOVERNMENT, by and through
LOUISVILLE METRO POLICE DEPARTMENT

***** ***** *****

      Defendant, Louisville/Jefferson County Metro Government ("Louisville Metro"), hereby submits the following response to the Plaintiff's motion to remand this matter to state court. Plaintiff's reliance on *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2005), is misplaced, and proper jurisdiction remains in this court.

      It is true that the Court in *Royal Canin* held that federal courts should remand a case to state court when an amendment to the complaint removes the federal court's subject matter jurisdiction and thus its supplemental jurisdiction over any remaining state claims. *Id* at 25. *Royal Canin* is inapplicable here, however, because the Plaintiff's amended complaint has not eliminated this court's original subject matter jurisdiction under 28 U.S.C. § 1331.

      "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. The U.S. Supreme Court has held that claims arise under federal law when "the vindication of a right under state law necessarily turned on some construction of federal law[.]" *Franchise Tax Bd. of State of Cal. v. Construction*

1

*Laborers Vacation Trust Southern California*, 461 U.S. 1, 9 (1983). In addition to citing a long line of federal decisions reaching that conclusion, the Court in *Franchise Tax Bd.* also recognized agreement among constitutional law scholars that a claim arises under federal law if the plaintiff must "establish both the correctness and the applicability to his case of a proposition of federal law" in order to prevail. *Id.* Simply put, a claim does not "aris[e] under the Constitution" simply because the claimant says it does, and a claimant cannot avoid federal jurisdiction by asserting their claim is "based solely on [state] law" and "is not based on the First Amendment to the U.S. Constitution." Amended Complaint ¶ 49, Doc 6, PageID# 62.

In determining whether a plaintiff's claim arises under the U.S. Constitution or federal laws, courts must look to what "appears in the plaintiff's statement of his own claim in the bill or declaration." *Id. at 10.* A claim based solely on state law may still "arise under the laws of the United States if a well-pleaded complaint establishe[s] that…relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id. at 13.* Under this well-pleaded complaint rule, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint[.]" *Id. at 22.*

Facing a similar question as presented in the present case, the 2nd Circuit Court of Appeals held in *Bracey v. Board of Educ. of City of Bridgeport*, 368 F.3d 108, that it had jurisdiction over a teacher's retaliatory discharge claim because the state law giving rise to it "require[d] that a court 'construe' federal First Amendment law and 'evaluate [its] scope.' *Id. at 116.* Because the claim implicated a federal question, it did not matter whether the discharge violated the Plaintiff's rights solely under the state constitution. In reaching that conclusion, the 2nd Circuit relied on the fact that Connecticut courts "consistently look to

federal First Amendment law to determine whether [the state's retaliatory discharge law] gives rise to a cause of action." *Id.* The 2nd Circuit's reasoning demands the same result here.

Under "COUNT II – FIRST AMENDMENT VIOLATION" of the original complaint, Plaintiff unequivocally asserts a claim for a violation of the 1st Amendment of the U.S. Constitution. Compl. Doc 1-2, PageID# 18. Importantly, the original complaint also did not bring a corresponding free speech claim under the Kentucky Constitution. The amended complaint, meanwhile, merely changes the heading of Count II to allege a violation of §1 of the Kentucky Constitution while leaving nearly all of the remaining language unchaged from the original complaint. The only substantive addition is the acknowledgement that "Kentucky Courts have interpreted this provision to parallel the rights guaranteed by the First Amendment to the U.S. Constitution." Amended Complaint ¶ 48, Doc 6, PageID# 62 (citing *McCall v. Courier-J & Louisville Times Co.,* 623 S.W.2d 882, 895 (Ky. 1981). Moreover, the claimed violation is still stated only in relation to U.S. Supreme Court and Federal District Court interpretations of the 1st Amendment to the U.S. Constitution.

It is clear on the face of both the original and amended complaints that the Plaintiff is asserting a federal claim, and that the amended complaint is a nothing more than an attempt to avoid having the matter heard in federal court.[1] Despite that effort, subject matter jurisdiction remains with this court. As the plaintiff admits in the amended complaint, the interpretation and application of the §1 of the Kentucky Constitution are identical to the 1st Amendment to the U.S. Constitution. Amended Complaint ¶ 48, Doc 6, PageID# 62; see also,

---

[1] Recognizing that a claim "aris[es] under the Constitution" when the outcome depends significantly or, as is the case here, entirely on the interpretation and application of the 1st Amendment also serves to avoid forum-shopping, which is disfavored by both Kentucky and federal courts. See *Fite & Warmath Const. Co., Inc. v. MYS Corp.,* 559 S.W.2d 729 (Ky. 1977); *Ferens v. John Deere Co.,* 494 U.S. 516 (1990); *Iragorri v. United Technologies Corp.,* 274 F.3d 65 (2nd Cir. 2001).

3

*Dennison v. Murray State University*, 465 F.Supp.2d 733, 746 (citing *McDonald v. Ethics Comm. of the State Judiciary*, 3 S.W.3d 740, 743 (Ky.1999))("The Kentucky Constitution provides protection no greater than, but only co-extensive with the First Amendment to the United States Constitution.) Because the Plaintiff's claim "necessarily turn[s] on some construction of" the 1st Amendment, it is a civil action "arising under the Constitution" and subject to the original jurisdiction of this Court. *Franchise Tax Bd.*, 463 U.S. at 9.

        Respectfully submitted,

        MICHAEL J. O'CONNELL
        JEFFERSON COUNTY ATTORNEY

        /s/ Donald J. Haas

        Donald J. Haas
        James E. McKiernan, III
        Assistant County Attorneys
        200 S. Fifth Street, Ste 200N
        Louisville, KY 40202
        502-574-8083
        donald.haas@louisvilleky.gov
        james.mckiernan@louisvilleky.gov
        *Counsel for Louisville Metro Government*

**CERTIFICATE OF SERVICE**

      This is to certify that on Thursday, August 14, 2025, a true copy of the foregoing document served on the following parties by email and by filing with the clerk of the court through the ECF system:

    Michael P. Abate
    Heather Gatnarek
    KAPLAN JOHNSON ABATE & BIRD LLP
    710 West Main Street, 4th Floor
    Louisville, KY 40202
    mabate@kaplanjohnsonlaw.com
    hgatnarek@kaplanjohnsonlaw.com

5

                                                                            /s/ Donald J. Haas
                                                                            Donald J. Haas